IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-00083-RLV-DCK

| | |
|---|---|
| DAVID THOMAS SILVERS, SR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>IREDELL COUNTY DEPARTMENT OF )<br>SOCIAL SERVICES; D.S.S. DIR. )<br>DONALD C. WALL, IN HIS )<br>INDIVIDUAL AND OFFICIAL )<br>CAPACITIES; ASST. D.A. PAXTON )<br>BUTLER, IN HIS INDIVIDUAL AND )<br>OFFICIAL CAPACITIES, AND THE )<br>CITY OF STATESVILLE, N.C., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant Donald C. Wall's Renewed Motion to Dismiss (the "Motion").[1] [Doc. No. 29]. Plaintiff has filed a memorandum in opposition to the Motion. [Doc. No. 31]. The Motion was filed pursuant to the Court's previous order on Plaintiff's Motion for Default Judgment. [Doc. No. 20]; *see Silvers v. Iredell Cty. Dep't of Soc. Servs.*, No. 5:15-CV-00083-RLV-DCK, 2016 WL 427953 (W.D.N.C. Feb. 3, 2016) (Voorhees, J.). This matter is now ripe for disposition.

I.  BACKGROUND

The relevant factual and procedural posture of this case is more fully set out in the Court's February 3, 2016 order. *See* [Doc. No. 20] at pp. 1-5; *Silvers*, 2016 WL 427953, at *1-3. In that order, the Court determined that Plaintiff's First Amended Complaint failed to state a claim against Defendant Paxton Butler in both his individual and official capacities. Further, the Court

---

[1] The Motion is brought by Defendant Wall in his official and individual capacities. *See*[Doc. No. 30] at p. 1 n.1.

determined that Plaintiff had failed to serve the City of Statesville. The Court granted Plaintiff leave to file a second amended complaint in an attempt to cure his deficiencies. The Court denied Defendant Wall's first motion to dismiss, *without prejudice*, because leave was granted to Plaintiff to amend his complaint. The Plaintiff chose not to file a second amended complaint. *See* [Doc. No. 21]. Since that time, Defendant Wall has renewed his motion to dismiss on statutory limitations grounds. [Doc. No. 29].

## II. DISCUSSION

### A. Standard of Review

When reviewing a Rule 12(b)(6) motion to dismiss, this Court must examine the legal sufficiency of the complaint; it may not resolve factual disputes or weigh the claims and defenses against one another. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rather, the court must accept as true all of the well-plead factual allegations contained in the complaint. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court may, however, determine whether the facts alleged are sufficient, when taken at face-value, to reasonably imply liability on the part of the defendant. In order to survive such a motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows for the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

However, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. In order to assert a claim

for relief, the complaint must allege facts that imply more than a "sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability[.]" *Id.* at 678 (quoting Twombly, 550 U.S. at 557). Critically, "'[t]he presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal . . . when the facts alleged in the complaint' cannot support the legal conclusion" alleged or the relief sought. *See Migdal v. Rowe Price-Fleming Int'l*, 248 F.3d 321, 326 (4th Cir. 2001) (quoting *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001)). "Legal inferences drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments are not part of the [court's] consideration." *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 Fed. App'x 820, 827 (4th Cir. 2010); *see also Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

In applying this standard, the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Dolgaleva*, 364 Fed. App'x at 827. However, the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions[.]" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing *pro se* complaint); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94; *Iqbal*, 556 U.S. at 679)). The rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim

could be based." *Ashby v. City of Charlotte*, 2015 U.S. Dist. LEXIS 103286, at *4 (W.D.N.C. Aug. 6 2015); *Godfrey v. Long*, 2012 U.S. Dist. LEXIS 2671, at *3-4 (E.D.N.C. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

    B. <u>Plaintiff's Claims Against Defendant Butler and the City of Statesville</u>

In its prior order, the Court warned Plaintiff that, should he fail to file a second amended complaint, his First Amended Complaint would be subject to dismissal as to Defendant Butler and the City of Statesville for the reasons discussed therein. The prior order dismissed, *with prejudice*, Plaintiff's claims against Defendant Butler in his official capacity. *See* [Doc. No. 20] at p. 34; *Silvers*, 2016 WL 427953, at *17. In accordance with the Court's prior order, and for the reasons stated therein, the Court now **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Butler, in his individual capacity, and the City of Statesville. *See* [Doc. No. 20]; *Silvers v. Iredell Cty. Dep't of Soc. Servs.*, No. 5:15-CV-00083-RLV-DCK, 2016 WL 427953 (W.D.N.C. Feb. 3, 2016).

    C. <u>Plaintiff's Claims Against Defendant Wall</u>

Defendant Wall, in his individual and official capacity, moves to dismiss Plaintiff's claims against him and the Iredell County Department of Social Services (hereinafter, the "Department") on statute of limitations grounds. Plaintiff has alleged a conglomeration of federal civil rights claims against Defendant Wall and the Department under Sections 1983 and 1985 of Title 42 of the United States Code. *See* 42 U.S.C. §§ 1983, 1985; *see also* [Doc. No. 2] at p. 1. Defendant Wall argues that the First Amended Complaint alleges wrongful acts by him and the Department dating no later than 2004. *See* [Doc. No. 30] at p. 5. Therefore, Defendant argues, it is "clearly apparent" from the face of the complaint that Plaintiff's claims against him and the Department are time-barred because this action was not instituted until June 2015. *See id.*

Neither Section 1983 nor Section 1985 contain a statute of limitations – therefore, "courts borrow the statute of limitations from the most analogous state-law cause of action." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014), *cert. denied sub nom. Baltimore City Police Dep't v. Owens*, 135 S. Ct. 1893, 191 L. Ed. 2d 762 (2015). In civil rights cases, the Supreme Court and the circuit courts have counseled that district courts should apply the statute of limitations applicable to state-law personal injury actions. *See Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014); *see also Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000) (for both § 1983 and § 1985 claims, the court "look[s] to the general, residual statute of limitations for personal injury actions"); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir.1996) (same); *McDougal v. County of Imperial*, 942 F.2d 668, 673 (9th Cir.1991) (same). Under North Carolina law, the appropriate statute of limitations is the three-year period prescribed by N.C. Gen. Stat. § 1-52.

"A motion to dismiss based on a . . . statute of limitations should not be granted unless the pleadings construed in the light most favorable to a plaintiff show as a matter of law that the applicable period for filing suit has expired." *Ball v. Quorum Health Res., Inc.*, 23 F.3d 399, 1994 WL 159451, at *2 (4th Cir. 1994). Here, the Court has reviewed the First Amended Complaint closely and concludes that Defendant is correct; Plaintiff last alleges that Defendant Wall caused a direct violation of his civil rights on June 5, 2004. *See* [Doc. No. 2] at pp. 2-3 (¶ 3). There, Plaintiff alleges that Defendant Wall and the Department illegally "suppressed" his freedom of speech while visiting with his children, who were in state custody at the time. *Id.* Plaintiff filed this action long after the events of that day. *See* [Doc. No. 1].

In his opposition papers, Plaintiff claims that the statute of limitations was tolled because of his subsequent incarceration. However, the Court has reviewed the complaint and it shows that Plaintiff was not incarcerated until January 2009 – four and a half years after June 5, 2004. *See* [Doc. No. 2] at pp. 5-6 (¶ 7). Plaintiff has failed to file a second amended complaint alleging further dates of incarceration, and has similarly failed to submit any other materials that might be indicative of a disability sufficient to toll the statute of limitations. Therefore, it appears that "the applicable period for filing suit has expired," as a matter of law, with respect to Defendant Wall and the Department's conduct as of June 5, 2004 and before. *Ball*, 23 F.3d 399, 1994 WL 159451, at *2. Accordingly, Plaintiff's claims against Defendant Wall and the Department are **DISMISSED WITH PREJUDICE**.

To the extent Plaintiff also argues that Defendant Wall and the Department violated the Plaintiff's rights by way of a conspiracy with Defendant Butler, those claims are similarly dismissed as the Court has already determined that Plaintiff's claims against Defendant Butler do not state a claim upon which relief may be granted. *See* [Doc. No. 20]; *Silvers v. Iredell Cty. Dep't of Soc. Servs.*, No. 5:15-CV-00083-RLV-DCK, 2016 WL 427953 (W.D.N.C. Feb. 3, 2016).

## CONCLUSION

As is discussed in this order and the Court's prior order, dated February 3, 2016, the Court finds that each and every one of Plaintiff's claims against the defendants must be dismissed, *with prejudice*. Accordingly, Plaintiff's First Amended Complaint must be dismissed.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) Defendant Wall's Motion to Dismiss (Doc. No. 29) is hereby **GRANTED**;

(2) Plaintiff's First Amended Complaint (Doc. No. 2) is hereby **DISMISSED WITH PREJUDICE** in accordance with this order and the Court's February 3, 2016 order (Doc. No. 20);

(3) The Clerk shall enter judgment in favor of the defendants, against the Plaintiff, and shall administratively terminate this case.

**SO ORDERED**.

Signed: April 15, 2016

Richard L. Voorhees
United States District Judge